**BRANTLEY HICKS v. STATE OF FLORIDA**

9 So. (2nd) 799                                    June Term, 1942
October 2, 1942                                    Division B

*Jennings & Coffee,* for appellant.

*J. Tom Watson,* Attorney General, *Millard B. Conklin,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Brantley Hicks, was by a Grand Jury of Nassau County, Florida, indicted for the crime of murder in the second degree for the unlawful killing of Randolph Bryce in said County on August 17, 1941. The appellant was duly arraigned on the charge and entered a plea thereto of not guilty. He was placed upon trial before a jury in the Circuit Court of Nassau County, when many witnesses were adduced for the State and the defense, and the jury returned a verdict against the appellant of manslaughter. A lengthy motion for a new trial was presented, heard and denied, when the trial court entered a judgment of guilty and sentenced him to serve a period of three years in State prison at hard labor, and from the judgment and sentence so entered an appeal has been perfected to this Court.

Counsel preparing and filing the briefs in this cause entertain conflicting views as to the decisive questions presented by the record for a decision of the controversy. The motion for a new trial challenged the sufficiency of the evidence to support the verdict and judgment of manslaughter, and the

Attorney General's brief at considerable length discusses the same question.

The record shows that on the evening of August 16, 1941, the deceased, Randolph Bryce, went to a dance hall located on State Road No. 13 between Callahan and Baldwin in Nassau County which was owned and operated by William Crews. The deceased was a large man and shortly prior to the altercation had been drinking. He was boisterous, indulged in profanity, and while in the dance hall attempted to remove his shirt, when the proprietor protested and the deceased walked from the hall to the grounds surrounding the hall.

The appellant, Brantley Hicks, was a deputy sheriff, and, with many others, was at the dance hall and was advised of the alleged disorderly conduct of the deceased and approached him and advised that he would have to behave himself or he, the deputy sheriff, would put him in jail. Words passed between the two and a fight followed, resulting in the deceased receiving severe wounds about his head and a pistol shot through the body, from which he later died.

There is a conflict and dispute in the testimony on the point as to who was the aggressor in the difficulty. The trend of the State's testimony is that the appellant, without provocation or legal excuse, attacked the deceased by striking him over the head with a pistol and in so doing the pistol fired twice; that the deceased at the time had not breached the peace and there was no reasonable cause for the deputy sheriff to arrest him.

The testimony of the appellant was to the effect that the deceased by the attempted removal of one of his garments and the use of profanity publicly breached the peace and that he had a lawful right to arrest the deceased without warrant, and while attempting to discharge his official duties the deceased attacked him, they clinched and during the scuffle the deceased was accidentally shot and in falling his head struck a car, and his death was largely accidental. It is our conclusion that these disputes and conflicts in the testimony are questions under our system for a jury to decide under appropriate instructions by the trial court.

Counsel for appellant proffered to establish that the deceased on each Saturday night some three or four times prior to the night of the fatal altercation drank to an excess and when under the influence of whiskey was profane, violent, unreasonable, overbearing, and his conduct could hardly be tolerated. We have observed the contention as made by counsel, but our study of the record discloses that many witnesses testified as to the conduct, demeanor and attitude toward others of the deceased on the Saturday nights in question. The jury had ample testimony before them to fully appreciate the issues presented and the rendition of the manslaughter verdict and the sentence by the trial court for a period of three years convinces us that these alleged shortcomings of the deceased were not overlooked but were fully weighed and considered.

It is true that the appellant as a peace officer had a lawful right to arrest the deceased without warrant provided he was guilty of a breach of the peace. The officer testified that the deceased had used profanity publicly and had attempted to remove one of his garments, which amounted to a breach of the peace. The jury had the responsibility of deciding the several conflicts in the testimony and we are not authorized to substitute our judgment for the conclusions of the jury.

The entire record has been carefully considered, the briefs have been read and the authorities cited examined. We are impressed with the able defense presented by counsel for the appellant. It appears that every legal right by him possessed was carefully and thoroughly presented. We have here for decision the simple question of whether of not from all the evidence adduced there is sufficient testimony to support the verdict and judgment. We are forced to answer in the affirmative, and accordingly, the judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.